**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**DELORES JEAN BLUE**,

        Plaintiff,

  v.                                     **Case No. 05-C-755**

**ALPHONSO JACKSON,**
**Secretary of the United States Department**
**of Housing and Urban Development,**

        Defendant.

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION TO APPOINT COUNSEL**

Delores Jean Blue ("Blue"), proceeding pro se, filed a complaint against the defendant, a petition to proceed in forma pauperis, and a motion to appoint counsel. The petition to proceed in forma pauperis will be addressed first.

### I. Petition to Proceed In Forma Pauperis

Before allowing Blue to proceed in forma pauperis, the court is obligated to determine that Blue is unable to pay the $250.00 filing fee and that her case is not frivolous or malicious; does not fail to state a claim upon which relief may be granted; and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In her petition, Blue alleges that she is unemployed, owns no real estate or assets of value, and has income of $945 per month, inclusive of social security benefits that she receives on behalf of her minor daughter. In addition, Blue says that she has sole custody of her daughter and has monthly liabilities in excess of $2,000.

In light of these representations, Blue has sufficient liabilities and income to satisfy the court that she is indigent. Thus, the court will turn to the merits of Blue's claim.

According to her complaint, Blue was employed by the United States Department of Housing and Urban Development ("HUD") as a program support assistant at the Milwaukee office. In June of 2001, Blue says that she was terminated for being excessively absent from work, but that her absences were due to medical reasons and that the defendant discriminated against her by denying her a reasonable accommodation for her disability. In support of her position, Blue cites a letter from her psychiatrist, which states that she suffered from an acute psychiatric condition but made progress and was able to return to work. Blue also cites a letter from her orthopedic surgeon, which states that she has permanent restrictions because of "upper extremity problems" but is capable of working.

According to the complaint, an agency contract physician disagreed with the diagnoses of Blue's psychiatrist and orthopedic surgeon and concluded that no accommodation could be made that would allow Blue to return to work. Several HUD supervisors also stated that they believed Blue was unable to work, but Blue contends that the real reason for her termination was discrimination.

Based on these allegations, and for purposes of determining whether the petition to proceed in forma pauperis should be granted, Blue has alleged a claim of disability discrimination under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Discrimination under the ADA includes:

> (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant;

42 U.S.C. § 12112(b)(5)(A)-(B). Thus, the allegations set forth in Blue's complaint satisfy the § 1915(e)(2) requirements for this case to proceed beyond screening, and the petition to proceed in forma pauperis will be granted.

## II. Motion for the Appointment of Counsel

Together with her complaint and petition, Blue also filed a list of attorneys that she contacted in effort to retain counsel in this matter. Blue's list has been docketed as a motion for the appointment of counsel.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not compel (Mallard v. United States District Court, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983). The court, however, has no access to funds to compensate attorneys for such representation. Thus, counsel is appointed under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir.1987).

Before this Court may even consider requesting an attorney to accept appointment under § 1915(e)(1), it must first determine whether a plaintiff has made a reasonable but unsuccessful effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir.1992). Once a plaintiff demonstrates that he has

3

Case 2:05-cv-00755-AEG    Filed 02/13/06    Page 3 of 5    Document 4

made a reasonable effort to secure counsel, the court may consider additional factors in deciding whether to request counsel represent him without payment. These factors include: (1) the merits of the plaintiff's claim for relief; (2) the plaintiff's ability to investigate crucial facts without counsel; (3) whether the evidence in the case consists of largely conflicting testimony requiring the skill of trained counsel to insure that the truth will come out; (4) the plaintiff's ability to present the case; and (5) the complexity of the legal issues raised by the plaintiff's complaint. Id. at 1072 (citing Maclin v. Freake, 650 F.2d 885, 887-888 (7th Cir. 1981)). In short, the court considers whether the plaintiff appears to be competent to try this case himself, given the difficulty of the case; and, if not, whether the presence of counsel is likely to make a difference in the outcome. Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

The list of attorneys that Blue contacted indicates that she has made a significant effort to retain counsel. However, at this stage of the proceedings, the court is unable to adequately consider the other facts that must be weighed in determining whether appointment is warranted. In addition, based on the allegations set forth in Blue's complaint, as well as an Equal Employment Opportunity Commission decision that Blue filed with her complaint, there is already a substantial record of Blue's medical history and the basis for Blue's termination by the defendant. It also remains to be seen whether the factual and legal issues in this case are more drastically complicated than the issues presented in many cases, such that this presents the rare case in which failure to appoint counsel would be "so fundamentally unfair that the plaintiff's due process rights would be violated." McNeil, 831 F.2d at 1371. The court will be in a better position to assess all pertinent factors as the case proceeds. Therefore, the motion for the appointment of counsel will be denied without prejudice.

4

**IT IS THEREFORE ORDERED** that Blue's petition to proceed in forma pauperis is **granted.**

**IT IS FURTHER ORDERED** that Blue's motion for the appointment of counsel is **denied without prejudice.**

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant. Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendant. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived, either by the court or by the Marshals Service.

Dated at Milwaukee, Wisconsin this 13th day of February, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge

5